WILLIE WALLDORF and GUSTAVE WALLDORF, Acting under Name of WALL-DORF'S BOXING FILM BEAR "TEDDY," Respondents, v. CENTRAL GREYHOUND LINES, INC., OF NEW YORK and DONALD HULETT, Appellants. GUSTAVE WALL-DORF, Respondent, v. CENTRAL GREYHOUND LINES, INC., OF NEW YORK and DONALD HULETT, Appellants. GEORGE A. HAMID ENTERPRISES, INC., Respondent, v. CENTRAL GREYHOUND LINES, INC., OF NEW YORK and DONALD HULETT, Appellants.— Three appeals from judgments entered in Ulster county on May

24, 1938, after trial by jury, and from three orders denying motions for new trials. In the first of these actions it appears that the plaintiffs as copartners were owners of a bear which had been trained by them to do a theatrical act, by wearing boxing gloves on its front paws, standing on its hind feet, and boxing with one of the plaintiffs, under the direction and at the command of the other. The evidence was sufficient to justify the jury in finding that the plaintiffs had begun training the bear when he was very young, and continued to do so for a long period, and as a result the bear was obedient to commands, and performed publicly for more than five years; that the act was popular, that the plaintiffs had contracts for performance then and in the future, and earned $350 per week in the performance. On September 25, 1937, at three-thirty in the morning, the plaintiffs, with the bear, were riding on a highway in Ulster county, in a truck owned by the plaintiff George A. Hamid Enterprises, Inc., and operated by the latter's chauffeur. A collision occurred between the truck and a bus owned by the defendant Central Greyhound Lines, Inc., and operated by the defendant Hulett. As a result the bear was injured, and the plaintiff Gustave Walldorf suffered personal injuries. Also, the truck of the plaintiff Hamid Enterprises, Inc., was damaged. The defendant urged in its brief that the verdicts were contrary to the evidence, that the wrong rule of damages was applied on account of the injuries to the bear, resulting in an excessive verdict, and the verdict for personal injuries was excessive. The court charged in substance that no market value of the bear was proved, and that such proof was probably impossible, but that the bear was of substantial value to the plaintiffs, and the jury might estimate from the evidence what the measure of that value was, and to what extent the plaintiffs were damaged by its injury. No exception was taken by either party to this statement of the rule, which thereby became the law of the case. We have examined the other questions and find no error. Judgments and orders affirmed, with costs in one action. McNamee, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents, and votes to reverse and for a new trial. A judgment of $12,500 has been given for subjective injuries to a bear. This amount included the loss of services by Gustave Walldorf, who performed a vaudeville act with the animal. The $5,000 verdict to Gustave also included loss of services.